1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALLAN T. GILMORE,

11              Plaintiff,                No. CIV S-11-0743 WBS GGH (TEMP) P

12        vs.

13   STATE OF CALIFORNIA, et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to

24   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

25   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

26   preceding month's income credited to plaintiff's prison trust account.  These payments will be

1

1  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

2  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3        The court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8  U.S.C. § 1915A(b)(1),(2).

9        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16        In order to avoid dismissal for failure to state a claim a complaint must contain

17  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

18  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

19  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

20  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

21  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

22  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

23  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

24  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

25  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

26  /////

1   (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

2   Rhodes, 416 U.S. 232, 236 (1974).

3         What is clear from plaintiff's complaint is that he does not like prison.  Unclear

4   are the claims he desires to raise as the litany of federal criminal and civil statutes set forth in the

5   caption of the complaint are inapposite.  Plaintiff names as defendants, *inter alia*, the present

6   governor and his three predecessors.  The gist of the complaint is that in executing the criminal

7   statutes of the State of California, i.e., allowing the court to sentence felons to prison:

8       The herein named defendant(s) knew or should have known when they in fact did
    enacted (sic) and enforced upon California State Citizens the Three strike Law in

9       violation of Thousands of California State Citizens prior contracts with the state
    of California and or its representatives that in fact of matter that CDCR would be

10      faced with cruel and or unusual over crowding conditions; double celling;
    mediacal (sic) care; sanitation, food; clothing; and safety would in fact violate

11      Eighth Amendment....

12  Complaint at 6.

13        The court finds that plaintiff's complaint, with its welter of statutory sources,

14  ambiguous and lacking in merit.  While the Eighth Amendment may encompass issues like lack

15  of medical care and inappropriate sanitation, plaintiff has not linked any specific deprivations to

16  himself.  Moreover, the enforcement of criminal sentencing laws has never, to the undersigned's

17  knowledge, been a viable claim for alleged deficiencies in the prison system itself.  Plaintiff is

18  also informed that a prison class action for overcrowding is presently pending review in the

19  Supreme Court.  See Coleman v. Schwarzeneger, 2009 WL 2407404 (E.D. Cal. 2009) and

20  subsequent proceedings.

21        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

22  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

23  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the amended complaint must allege in

24  specific terms how each named defendant is involved as well as the injuries specific to plaintiff.

25  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

26  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423

3

U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: April 25, 2011

/s/ Gregory G. Hollows

_____

UNITED STATES DISTRICT JUDGE

gilm0743.14

4