IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLAN T. GILMORE,

        Plaintiff,                        No. CIV-11-0743 WBS CKD P

   vs.

STATE OF CALIFORNIA, et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed April 25, 2011, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint and a second amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The court screens the most-recent complaint filed in this action by plaintiff which is the second amended complaint filed on August 22, 2011.

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.

8    In order to avoid dismissal for failure to state a claim a complaint must contain
9 more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
10 of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other
11 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
13 claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
14 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
15 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
16 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
17 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
18 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
19 Rhodes, 416 U.S. 232, 236 (1974).

20    In his second amended complaint, plaintiff complains about California
21 Department of Corrections and Rehabilitation system-wide conditions of confinement which
22 plaintiff alleges violate federal law.  Essentially, plaintiff alleges the unlawful conditions are the
23 result of overcrowding which has occurred following California's implementation of its "Three
24 Strikes Law."  Plaintiff does not make allegations individual to him, e.g. he was denied medical
25 care on a particular date by a particular person.  Rather, he mostly asserts general conclusions
26 /////

about conditions, e.g. the mental health care prisoners receive is inadequate. Plaintiff purports to bring his claims on behalf of all current and future CDCR prisoners and he seeks damages.

It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). Therefore, it is highly unlikely that plaintiff would be permitted to maintain this action as a class action if he files a motion for class certification.

Furthermore, plaintiff's generalizations about conditions in CDCR for all inmates do not amount to a claim upon which plaintiff may proceed. Plaintiff must articulate precisely what conditions he has been subjected to, and by whom. Plaintiff must provide enough facts in support of his claims demonstrating an affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). In essence, plaintiff fails to point to any specific facts indicating any particular defendant took any action resulting in a violation of plaintiff's Constitutional rights or knowingly failed to prevent such a violation. See Iqbal, 129 S. Ct. at 1949 (A complaint does not suffice "if it tenders naked assertions devoid of further factual development.").

For these reasons, plaintiff fails to state a claim upon which relief could be granted. Because plaintiff was already informed by the magistrate judge previously assigned to this case of the deficiencies with plaintiff's pleadings described above (see April 25, 2011 Order), there is not good cause to grant further leave to amend.

Finally, the court notes that plaintiff's allegations concern his incarceration at Ironwood State Prison located in Blythe, R. J. Donovan State Prison located in San Diego and California Men's Colony located San Luis Obispo which is where plaintiff currently resides.

1  None of those prisons lie within the geographic area covered by this court.  If, at some point,
2  plaintiff can articulate claims with sufficient particularity regarding his incarceration at any of
3  these prisons, he should file his complaint in the appropriate court.[1]
4         In accordance with the above, IT IS HEREBY RECOMMENDED that:
5         1.  Plaintiff's second amended complaint be dismissed for failure to state a claim
6  upon which relief can be granted; and
7         2.  This case be closed.
8         These findings and recommendations are submitted to the United States District
9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
10 one days after being served with these findings and recommendations, any party may file written
11 objections with the court and serve a copy on all parties.  Such a document should be captioned
12 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
13 shall be served and filed within fourteen days after service of the objections.  The parties are
14 advised that failure to file objections within the specified time may waive the right to appeal the
15 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 20, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
gilm0743.dis

---

[1] Blythe and San Louis Obispo are within the geographic area covered by the United States District Court for the Central District of California and San Diego is in the Southern District of California.